UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHARON TONEY-FINCH,<br><br>      Defendant. | **SEALED INDICTMENT**<br><br>24 Cr. 263 |

### COUNT ONE
### (Wire Fraud)

The Grand Jury charges:

1. From at least in or about July 2019 through at least in or about September 2023, in the Southern District of New York and elsewhere, SHARON TONEY-FINCH, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TONEY-FINCH engaged in a scheme to defraud donors to her charitable organization by falsely claiming through communications sent to and from the Southern District of New York and elsewhere over interstate wires, among other things, that donation funds would be spent solely to support homeless military veterans when in fact she spent the funds on personal expenses, that she survived and was injured in a terrorist attack to a vehicle convoy in Iraq in or about March 2010, and that she is a Purple Heart recipient.

(Title 18, United States Code, Section 1343.)

## COUNT TWO
### (Theft of Government Funds)

The Grand Jury further charges:

2.     From at least in or about March 2016 through the present, in the Southern District of New York and elsewhere, SHARON TONEY-FINCH, the defendant, knowingly embezzled, stole, purloined, and converted to her use and the use of another, a record, voucher, money, and thing of value of the United States and a department and agency thereof, to wit, the United States Department of Veterans Affairs (the "VA"), which exceeded the sum of $1,000, and received, concealed, and retained the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined, and converted, to wit, TONEY-FINCH knowingly obtained hundreds of thousands of dollars in disability benefits from the VA by fraudulently representing that, during her military service in Iraq, she sustained combat-related injuries during a mortar attack in or about February 2010 and a vehicle rollover that occurred in or about March 2010.

(Title 18, United States Code, Section 641.)

## COUNT THREE
### (Stolen Valor)

The Grand Jury further charges:

3.     From at least in or about August 2021 through the present, in the Southern District of New York and elsewhere, SHARON TONEY-FINCH, the defendant, with intent to obtain money, property, and other tangible benefit, fraudulently held herself out to be a recipient of a Purple Heart awarded under Title 10, United States Code, Section 1129, to wit, TONEY-FINCH falsely claimed that she is a Purple Heart recipient in statements made to donors to her charitable organization in furtherance of the scheme charged in Count One, an application to the New York

Department of Motor Vehicles to obtain a vanity license plate, and an application to the National Purple Heart Hall of Honor to obtain a medallion and recognition on their website.

(Title 18, United States Code, Section 704(b), (d)(1).)

## COUNT FOUR
### (Fraudulent Military Discharge Certificate)

The Grand Jury further charges:

4. From at least in or about August 2021 through the present, in the Southern District of New York and elsewhere, SHARON TONEY-FINCH, the defendant, forged, counterfeited, and falsely altered a certificate of discharge from the military service of the United States, and used, unlawfully possessed, and exhibited such certificate, knowing the same to be forged, counterfeited, or falsely altered, to wit, TONEY-FINCH used, possessed, and exhibited a DD 214 military discharge certificate that had been altered to reflect falsely that she is a Purple Heart recipient.

(Title 18, United States Code, Section 498.)

## FORFEITURE ALLEGATIONS

5. As a result of committing the offenses alleged in Counts One and Two of this Indictment, SHARON TONEY-FINCH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 981;
    Title 21, United States Code, Section 853; and
    Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney